IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICOLE SPROULL, | ) | |
|          Plaintiff, | ) | |
|     v. | ) | 2:08-cv-1107 |
| | ) | |
| GOLDEN GATE NATIONAL SENIOR | ) | |
| CARE, LLC formerly known as BEVERLY | ) | |
| ENTERPRISES, INC. trading and doing | ) | |
| business as BEVERLY HEALTH & | ) | |
| REHABILITATION SERVICES, INC., | ) | |
|          Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending now before the Court is the PLAINTIFF'S PROTECTIVE ORDER PRECLUDING DEFENDANT FROM CONTACTING PLAINTIFF'S CURRENT EMPLOYER (Document no. 24) filed by Plaintiff Nicole Sproull, and the MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER PRECLUDING DEFENDANT FROM CONTACTING PLAINTIFF'S EMPLOYER (Document no. 27) filed by Defendant Golden Gate National Senior Care, LLC, f/k/a Beverly Enterprises, Inc. t/d/b/a Beverly Health & Rehabilitation Services, Inc. ("GGNSC"). The motion is ripe for disposition.

Plaintiff's motion follows a line of questioning posed during her deposition and Defendant's subsequent stated intention to contact Plaintiff's current employer. Specifically, during her deposition, Plaintiff was asked something to the effect of what she informed her current employer during her job interview about her previous employment with Defendant GGNSC. *See* Doc. # 24 at ¶ 3. Plaintiff testified that while she did not disclose that she had been terminated, she informed her current employer that she left Defendant's employment following a "disagreement". *Id.* Counsel for the Defendant subsequently indicated an intention to contact Plaintiff's current employer due to counsel's belief that Plaintiff's testimony regarding

her current employment was not truthful.  *Id.* at ¶ 5.  Plaintiff objected to Defendant's efforts to do so, and Defendant agreed not contact the employer pending the disposition of this motion.  *Id.*

Plaintiff now seeks a protective order on the basis that any information obtained from her current employer would be irrelevant, prejudicial, and/or impermissible character evidence, Doc. # 24 at ¶ 7, and that it may compromise her current employment relationship, *Id.* at ¶ 8.  Plaintiff also argues that Defendant has no basis for believing that the deposition testimony was untruthful, arguing that if she had answered untruthfully during the deposition, she would have testified that she fully explained the basis for her separation from Defendant GGNSC, as opposed to softening the description of what occurred as a "disagreement" that caused her to leave.  *Id.* at FN 3.

In opposing Plaintiff's motion, Defendant responded that during the deposition, Plaintiff provided less than truthful testimony in various responses with respect to various incidents occurring during her employment with Defendant.  Doc. # 27 at pp. 4 - 5.  Further, Defendant notes that its defense rests upon the notion that GGNSC had a legitimate reason for terminating Plaintiff, namely that she disclosed confidential company information to a subordinate not authorized to receive such information.  *Id.*; *see also*, Doc. # 31, Defendant's Answer to Plaintiff's Amended Complaint at ¶¶ 30 & 37.  An investigation into the alleged breach of confidentiality was undertaken by Defendant, during which Plaintiff denied that she made any such disclosure.

As a general rule, a party is entitled to discovery "relating to the subject matter of the lawsuit, as long as it 'appears reasonably calculated to lead to the discovery of admissible evidence.'  Courts have construed this language liberally, 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the

2

case.'" *Momah v. Albert Einstein Medical Cente*, 164 F.R.D. 412, 417 (E.D.Pa. 1996), *quoting*, *Oppenheimer Fund, Inc. V.. Sanders*, 437 U.S. 340, 351 (1978). The question is whether the information requested by the party appears to be reasonably calculated to lead to the discovery of information that bears on or could bear on an issue in the case. *Id.*; Fed.R.Civ.P. 26(b)(1).

Like most issues at the heart of discovery disputes, the nature of the information sought and the potential use of such information controls a court's analysis. In the absence of such precision, simple recitation of conclusory rules from the decisions of sister courts have little value. As such, it is important to detail the nature of the purported information Defendant seeks to discover and Defendant's basis for doing so. Only then can Plaintiff's basis for protecting such information be properly considered. As noted above, Defendant believes information in the hands of Plaintiff's current employer exists to contradict responses given during a deposition regarding her previous employment. *See* Doc. # 24-2, Exhibit 1 to Plaintiff's motion.

Defendant has articulated two potential legal uses for the information sought, as potentially either substantive or impeachment evidence. It bears noting that neither the Defendant nor the Court know what information, if any, is maintained by Plaintiff's current employer. For purposes of conducting discovery, however, information held by Plaintiff's current employer potentially indicating less than forthright information previously provided by Plaintiff may be of use to the defense of this matter, particularly in light of the fact that Defendant apparently disbelieved Plaintiff's denial of disclosing confidential information. A subsequent example of Plaintiff providing less than truthful information to her employer, if it exists, may be an act admissible under Federal Rule of Evidence 404. Similarly, providing untruthful responses either during a deposition or during the application process for subsequent employment, to the extent that it occurred, may be the basis for cross examination of specific

instances of conduct under Rule 608(b).  To be clear, the Court is not at this point determining that such information is either admissible under F.R.E. 404(b) or probative under 608(b).  However, given the scope of discovery, Defendant should be permitted to obtain any nonprivileged matter relevant to a claim or defense, which it appears to be attempting to do, unless Plaintiff can articulate good cause for the protective order.

Rule 26(c) permits federal judges to issue protective orders for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).  However, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test ... Moreover, the harm must be significant, not trifle." *Cipollone v. Liggett Group, Inc.*, 822 F.2d 335, 343 (3d.Cir. 1987)(*quoting*, *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d.Cir. 1986)).  "Rule 26(c) places the burden of persuasion on the party seeking the protective order.  To overcome the presumption, the party seeking the protective order must show good cause by demonstrating a particular need for protection." *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 166 (3d Cir. 1993)(*quoting*, *Cipollone*, 785 F.2d at 1121).  In this case, Plaintiff claimed a general fear of embarrassment and possible loss of her current position as good cause to prohibit contact with her current employer. *See* Doc. # 24 at ¶ 11.  Such a generalized argument does not satisfy Plaintiff's burden of persuasion.  Accordingly, any statements or representations Plaintiff may have made relating to her previous employment is a legitimate area of discovery, and that Plaintiff has failed to demonstrate good cause to preclude Defendant from doing so.

For all of the hereinabove stated reasons, Plaintiff's Motion for Protective Order Precluding Defendant from Contacting Plaintiff's Current Employer is **DENIED**.

So **ORDERED** this 13th day of July, 2009.

BY THE COURT:

s/ Terrence F. McVerry
United States District Judge


cc: Samuel J. Cordes, Esquire
Email: scordes@ocmilaw.com

Charles M. Roesch
Email: croesch@dinslaw.com.