**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NICOLE SPROULL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **2:08-cv-1107** |
| **v.** | ) | |
| | ) | |
| **GOLDEN GATE NATIONAL SENIOR** | ) | |
| **CARE, LLC formerly known as BEVERLY** | ) | |
| **ENTERPRISES, INC. trading and doing** | ) | |
| **business as BEVERLY HEALTH &** | ) | |
| **REHABILITATION SERVICES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending now before the Court is the PLAINTIFF'S MOTION TO STRIKE

DEFENDANT'S RESPONSE TO PLAINTIFF'S RESPONSE TO DEFENDANT'S CONCISE

STATEMENT OF MATERIAL FACTS, AND DEFENDANT'S "ADDITIONAL EXCERPTS

FROM DEPOSITIONS", docket entry number 56 (Doc. # 56).  With her motion, Plaintiff seeks

two alternative forms of relief with respect to two documents filed by the Defendant.  The motion

is now ripe for disposition.

A brief summary of the procedural posture of the matter *sub judice* is appropriate.

Defendant filed a motion for summary judgment (Doc. # 42), a memorandum in support of the

motion (Doc. # 43), a concise statement of material facts (Doc. # 44), and appendix (Doc. # 45)

on September 22, 2009, consistent with the deadlines established in the September 9th, 2009

Order of Court (Doc. # 37).  That scheduling order further set a deadline for Plaintiff to respond

to Defendant's motion for summary judgment as November 15, 2009, and granted Defendant

permission to file a reply to Defendant's response within fifteen days of the filing of Plaintiff's

response.  On November 12, 2009, Plaintiff filed her brief in opposition to the motion for

summary judgment (Doc. # 47), along with her response to Defendant's concise statement of material facts (Doc. # 48), her own concise statement of material facts (Doc. # 49), and an appendix of documents in support of her response (Doc. # 50).

On November 30, 2009, Defendant filed its unopposed motion for an extension of time to reply to Plaintiff's response.  Doc. # 51.  In particular, Defendant requested an extension of two days, or until December 2, 2009, to file a reply in support of its own motion for summary judgment, a reply to Plaintiff's response to the concise statement of material facts, and a response to Plaintiff's own concise statement of material facts.  The motion was granted via text order. On December 2, 2009, Defendant filed four documents:

1) DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT (Doc. # 52);

2) DEFENDANT'S RESPONSE TO PLAINTIFF'S CONCISE STATEMENT OF MATERIAL FACTS (Doc. # 53);

3) DEFENDANT'S RESPONSE TO PLAINTIFF'S RESPONSE TO DEFENDANT'S CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS (Doc. # 54); and

4) ADDITIONAL EXCERPTS FROM DEPOSITIONS (Doc. # 55).

Plaintiff's motion seeks to strike docket entry number 54, Defendant's reply to Plaintiff's response to Defendant's concise statement of material facts, and docket entry number 55, the additional excerpts of deposition testimony.  Specifically, Plaintiff seeks to strike both documents because, as she avers, Defendant cannot raise either new facts or new legal theories in a reply brief that were not originally included in the motion for summary judgment unless she is afforded the opportunity to respond.  Doc. # 56.  Plaintiff further argues that the local rules for the United States District Court for the Western District of Pennsylvania, and this Court's own internal practices and procedures do not "allow for these submissions."  *Id.*  The Court will

address Plaintiff's concerns *seriatim*.

As Plaintiff accurately notes, under Fed.R.Civ. P. 56, parties opposing a motion for summary judgment must be given notice and the opportunity to respond to the moving party's allegations.  *See e.g. Armour v. County of Beaver*, 271 F.3d 417, 434 (3d Cir. 2001).  Plaintiff couples that point with an argument that a party also waives "arguments and issues raised for the first time in a reply brief" in seeking to have the Court strike the two reply documents.  Doc. # 56.  The two procedural concepts underlying these arguments are not mutually supportive in this particular case.  For the reasons that follow, Plaintiff's argument regarding having the opportunity to respond warrants a degree of relief, while the waiver argument does not.

As a general proposition, motions practice requires a party to state with particularity the grounds upon which the motion is being made and the relief or order sought.  Fed.R.Civ.P. 7(b)(1).  Defendant satisfied this basic requirement with its motion for summary judgment.  Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a general need for trial.  *See* Fed.R.Civ.P. 56, 1963 Advisory Committee Notes.

At the time Defendant filed its motion for summary judgment in this matter, Fed.R.Civ.P. 56 included a timing mechanism establishing two prerequisites necessary before a court can rule on a motion for summary judgment: 1) that the parties have at least ten (10) days notice before a court considers the motion, and 2) an opportunity to submit evidence in support or against the

motion.[1]  *See Rose v. Bartle*, 871 F.2d 331, 340 (3d Cir. 1989); *see also Carver v. Plyer,* 115 Fed.Appx. 532 (3d Cir. 2004).  On September 22, 2009, Defendant filed its motion for summary judgment.  Plaintiff was permitted fifty-four (54) days to respond to the motion, a time period greater than the minimum requirements under the previous language of the rule (10 days) or the amended language (21 days).  Accordingly, the prerequisites of both Rule 7 and Rule 56 have been satisfied.

The Court next moves to Plaintiff's broad invocation of the concept of waiver with her claim that "arguments and issues" raised for the first time in a reply brief are deemed waived.  At the outset it is important to note that Plaintiff's motion to strike fails to specify or cite any particular issues or facts purportedly raised for the first time in the reply.  Instead, Plaintiff generally argues that it is an abuse of discretion for a court to consider *any* new evidentiary submissions attached to a reply brief.  *See* Doc. # 56 at ¶ 11.  In support of this proposition, Plaintiff references a number of decisions which are either distinguishable based upon distinct differences in the procedural postures of those decisions*, see e.g., In re Surrick*, 338 F3d 224, 237 (3d Cir. 2003)(involving an appeal of the United States District Court imposition of reciprocal discipline in a proceeding following the suspension of the attorney's license by the Pennsylvania Supreme Court); *Kost v. Kozakiewicz*, 1 F.3d 176 (3d Cir. 1993)(under the Federal Rules of Appellate Procedure, appellants before the Court of Appeals for the Third Circuit are

---

[1]  The Court notes that on December 1, 2009, Rule 56 was amended to address what the Advisory Committee considered to be the "outmoded" timing provision.  2009 Advisory Committee Notes.  Under the revised rule, a party is permitted to file a motion for summary judgment at any time, and sets a presumptive deadline at thirty (30) days after the close of all discovery.  The protections afforded to a party opposing summary judgment under the two prerequisites noted within this opinion are not vitiated under the amended rule.  If anything, they are expanded.  In fact, what was previously considered the opportunity for the opposing party to respond to the motion is now a mandatory requirement.  Further, a party now has at least twenty-one (21) days before summary judgment can be entered against it.

required to set forth issues raised on appeal and to present an argument in support of those issues in their opening brief), or are distinguishable based upon an additional aspect to those proceedings not present in the filings before this Court, *see Seay v. Tennessee Valley Authority*, 339 F.3d 454 (6th Cir. 2003)(it was improper for the court to impose summary judgment against a party before that party was afforded the requisite ten days to respond to evidence presented in a reply brief); *EEOC v. Aldi, Inc.,* 2:06-cv-01210, 2008 WL 859249 at 5 n. 6 (W.D. Pa., 2008)(Fischer, J.)(a party who concedes one fact in its motion for summary judgment waives the ability to subsequently challenge that fact in its reply brief)*D'Aiuto v. City of Jersey City*, 2007 WL 2306791 at * 4, n.1 (D.N.J. 2007)(noting in dicta that a court has discretion to decline to consider matters raised for the first time in a reply brief that argue an altogether new basis to justify the granting of a motion to dismiss under rule 12(b)(6)).  None of those decisions stand for the proposition that a filing made in reply to a response should be stricken as a matter of course.

Of course, simply because there has been no decision establishing an across-the-board prohibition on the consideration of any reply does not mean the opposite is true, that parties have an unfettered right to reply in any manner to a non-movant's response.  Unless otherwise restricted by courts, parties are permitted to file a reply brief to respond to points made in the opposing party's papers.  *See e.g.* William W. Schwarzer, A. Wallace Tashima, and James M. Wagstaffe, Federal Civil Procedure Before Trial, § 14:96.1 (The Rutter Group 2005).  However, the reply brief generally cannot be used to expand the issues presented for adjudication beyond those raised in the moving papers.  *See e.g. Norman v. U.S.*, 49 F.3d 1081, 1091 (Fed.Cir. 2005), *cert. denied*, 126 S.Ct. 2288 (2006)(while not governed by a rigid rule, arguments raised for the first time in a reply brief are not properly before a court unless circumstances indicate that such a

rule would result in an unfair procedure).  With docket entry numbers 54 and 55, Defendant does

not appear present new arguments upon which it claims to be entitled to summary judgment.

Instead, the content of the reply to Plaintiff's response to the concise statement (Doc. # 54) and

the appendix with additional deposition excerpts (Doc. # 55), appears to be nothing more than

direct replies to facts referenced by Plaintiff.[2]  Once again, the Court notes that Plaintiff's motion

to strike makes no effort to identify or alert the Court to any new facts or issues raised in the

Defendant's replies.

     Plaintiff advances two additional arguments.  Plaintiff raises the Local Civil Rules of

Court for the Western District of Pennsylvania for the proposition that the rules do not allow for

a reply to a non-movant's response to a concise statement of material facts.  Doc. 56 at § B.

Local Civil Rule 56.D permits a moving party to reply to an opposing party's submission in the

same manner as set forth in Local Civil Rule 56.C.  LCvR 56.D.  LCvR 56.C. addresses the

requirements for opposing a motion for summary judgment, namely that a non-movant must file,

*inter alia*, a responsive concise statement to the movant's concise statement and an appendix

comprised of documents referenced in the responsive concise statement.  LCvR 56.C.  Plaintiff

argues that such a rule does not extend to what is essentially a reply to a response such as docket

entry number 54.  Reduced to its essence, this objection by Plaintiff is one of terminology.  The

responsive concise statement filed by the opposing party may include "any material facts that are

allegedly at issue, and/or the opposing party asserts are necessary for the Court to determine the

---

[2]  Likewise, the Court notes that portions of the Additional Excerpts from Depositions filed by Defendant (Doc. # 55), are in fact duplicate pages to those filed by Plaintiff in her appendix (Doc. # 50) filed in her opposition to the motion for summary judgment.  *Compare* Plaintiff's deposition excerpt pages contained within Doc. # 50 *with* Plaintiff's deposition excerpt pages contained within Doc. # 55 *at* pages 39, 42, 112, 113, 161, 198, 199, 200, 201, 245; *compare also* all of the deposition excerpt pages for both deposed witnesses Marie Cottrell and Michelle Havrilesko filed within Doc. # 50 *with* those filed within Doc. # 55.

motion for summary judgment." LCvR 56.C.1.c. Despite how it is captioned, the Court considers docket entry number 54 to be a document setting forth that which Defendant considers to be material facts at issue and/or that which Defendant asserts to be necessary for the summary judgment determination. As such, the Court will not strike it.

Plaintiff raises this Court's internal practices and procedures as a basis to strike docket entry numbers 54 and 55. Doc. 56 at § C. To that end, Plaintiff notes that said policies generally discourage reply briefs, limits reply briefs to five pages, and that such briefs may be filed without leave of court if filed within five days of the date of the opposing brief, all of which is true. Such practices and procedures are provided for purposes of outlining the structure of the litigation process for the parties and the Court's expectation of counsel. They are not designed, however, to inhibit a party's ability to make appropriate filings on matters before the Court. Reply briefs, responsive statements of fact, and appendices, while not required and being generally discouraged, are permitted by the local rules and will not be automatically stricken because they are not expressly sanctioned by this Court's Practices and Procedures.

In the alternative to striking the two reply documents, Plaintiff requests leave to file a sur-reply brief. This request is well founded given the requirement under Fed.R.Civ.P. 56 that a non-moving party have the opportunity to respond to matters raised in a motion for summary judgment, and will be granted.

For all of the hereinabove stated reasons, Plaintiff's motion to strike Defendant's Response to Plaintiff's Response to Defendant's Concise Statement of Material Facts and Defendant's "Additional Exceprts from Depositions" is **DENIED.**  Plaintiff's request to file a sur-reply brief is **GRANTED.**  Plaintiff's sur-reply brief may be filed on or before February 5, 2010.

So **ORDERED** this 22nd day of January, 2010.

BY THE COURT:

s/ Terrence F. McVerry
United States District Judge

cc:    Samuel J. Cordes, Esquire
       Email: scordes@ocmilaw.com
       Christine T. Elzer, Esquire
       Email: celzer@ocmilaw.com

       Charles M. Roesch, Esquire
       Email: croesch@dinslaw.com
       Patricia K. Gavigan, Esquire
       Email: patricia.gavigan@dinslaw.com